NO. 07-06-0053-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 14, 2006
_____

ALFRED CHARLES REED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 121ST DISTRICT COURT OF TERRY COUNTY;

NO. 5146; HONORABLE KELLY G. MOORE, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Alfred Charles Reed, appeals from a judgment revoking community supervision and imposing sentence pursuant to a conviction for possession of a controlled substance, cocaine, in an amount less than one gram. Appellant's counsel has filed a brief in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Gainous v. State, 436 S.W.2d 137, 138 (Tex.Crim.App. 1969). We affirm.

Appellant entered a plea of *nolo contendere* to possession of a controlled substance, cocaine, in an amount less than one gram on February 15, 2005. The judge of the 121st

District Court of Terry County, found that the evidence substantiated appellant's guilt, accepted the plea, found appellant guilty, and sentenced appellant to confinement for 20 months in a state jail facility and a fine of $750. The confinement portion of the sentence was suspended and appellant was placed on community supervision for three years.

The State filed a motion to revoke appellant's community supervision which was heard on January 26, 2006. Appellant pled not true to the State's fourteen violations of community supervision alleged as the basis for the motion. After hearing testimony, the trial judge found that appellant had committed eleven violations of his community supervision, revoked the order placing appellant on community supervision, and ordered that appellant serve the confinement portion of his sentence in the State Jail Division of the Texas Department of Criminal Justice. Appellant filed a notice of appeal.

Appellant's counsel has filed a brief, in compliance with Anders and Gainous, stating that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error upon which an appeal can arguably be predicated. Counsel thus concludes that the appeal is frivolous. Counsel's brief discusses why, under the controlling authorities, there is no reversible error in the trial court proceedings and judgment. See High v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).

Counsel has attached an exhibit showing that a copy of the Anders brief has been forwarded to appellant and that counsel has appropriately advised appellant of his right to review the record and file a *pro se* response to counsel's motion and brief. The clerk of this

2

court has also advised appellant by letter of his right to file a response to counsel's brief. Appellant has not filed a response.

We have made an independent examination of the record to determine whether there are any non-frivolous grounds upon which an appeal could arguably be founded. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found no such grounds.

Appellant's counsel has moved for leave to withdraw. See Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.–Waco 1994, writ ref'd). We carried the motion for consideration with the merits of the appeal. Having done so and finding no reversible error, appellant's counsel's motion to withdraw is granted and the trial court's judgment is affirmed.


Mackey K. Hancock
Justice


Do not publish.